IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. TIMLEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 07-747-CV-W-DW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Before the Court is Michael J. Timley's Motion Under §2255 to Vacate, Set Aside or Correct his Sentence. (Doc. 1). The Government filed its response in opposition. After careful consideration of the record and the parties' arguments, the Court DENIES the §2255 motion.

On a 28 U.S.C. § 2255 ineffective assistance of counsel claim,[1] Movant bears the burden of proving that (1) counsel performed deficiently and (2) the deficient performance prejudiced his defense. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Movant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Movant first argues that his counsel was ineffective in failing to conduct pre-trial investigations of the facts relating to his Fourth Amendment Claim. Specifically, Movant argues

---

[1] The Government first argues that Movant waived his right to collaterally attack the plea agreement. Given the above analysis on the merits, the Court finds it unnecessary to reach that issue.

that the existence marijuana recovered from a trash-pull was fabricated by law enforcement and the search warrant for his residence, which was based upon the marijuana, was thus improper. Timley argues that his attorney would have discovered this issue had he conducted a more thorough investigation.

Movant's counsel, however, vigorously and thoroughly argued for the exclusion of the evidence recovered from the trash-pull. In addition to cross-examining the witness at the suppression hearing, counsel moved for a Franks hearing on the allegedly false statements in the warrant. When the hearing was denied, counsel appealed that decision, albeit unsuccesfully, to the 8th Circuit. Given the above, Movant failed to show that counsel's performance fell below "reasonable professional assistance."

Movant next argues that counsel was ineffective in providing him with advice relating to his guilty plea.[2] In addition to the language in the plea agreement stating that Movant acknowledges his understanding of the rights he is waiving and the nature of the offense to which he is pleading, Movant testified that he freely and voluntarily entered into the plea and that he was satisfied with counsel's service. When the Court offered Movant the opportunity to withdraw his plea at the sentencing hearing, Movant reiterated that he wished to plea. Accordingly, counsel's performance has not been shown to fall below "reasonable professional assistance."

A Court need not grant an evidentiary hearing on a §2255 where the "motion, files and record conclusively" show that Movant is not entitled to relief. United States v. Regenos, 405 F. 3d 691, 694 (8th Cir. 2005). The Court may also deny a hearing where the record contains all the

---

[2]The Court notes, however, that in Movant's Reply, he appears to argue that his plea was invalid since counsel did not thoroughly investigate the basis for the subpoena previously discussed. Given the above discussion, there is no need to address the argument again.

information necessary to rule on the motion. Covey v. United States, 377 F.3d 903, 909 (8th Cir. 2004). Based upon the above, the Court finds that Movant is not entitled to an evidentiary hearing.

Further, for the reasons set forth in this Order, the Court finds that Movant has failed to make a substantial showing that he has been denied constitutional rights. 28 USCS § 2253(c)(2); Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). Accordingly, he is denied a certificate of appealability.

Date:   February 28, 2008                                    /s/ Dean Whipple
                                                                Dean Whipple
                                                         United States District Judge